**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francoise Bilonda, | No. CV-22-01718-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Plaintiff Francoise Bilonda brings this wrongful death suit on behalf of herself and other statutory beneficiaries of Decedent Elie Mamboleo. Defendants are several health care providers. Plaintiff initially brought this action in state court, but it was removed to this Court when the Attorney General certified that Defendants Faiza Naioom and the Mountain Park Health Center were Public Health Service ("PHS") employees under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233.

Once removed, the United States substituted in for Naioom and Mountain Park Health Center. The United States then moved to dismiss for lack of subject matter jurisdiction. (Doc. 6.) Plaintiff filed a motion to retain subject-matter jurisdiction over the state-law claims and to grant a stay but did not contest dismissal without prejudice. (Doc. 19.) The motions are fully briefed. (Docs. 20, 23.)

**I. Motion to Dismiss**

Federal courts are courts of limited jurisdiction possessing only the authority

granted to them by the Constitution and Congress. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). Federal courts therefore lack subject-matter jurisdiction over actions against the United States unless the United States has waived its sovereign immunity. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). One waiver is the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346. But such tort claims "'shall be forever barred' unless the claimant [presents the claim] to the appropriate federal agency for administrative review within two years after [the] claim accrues.'" *United States v. Wong*, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)).

Here, it is undisputed that Plaintiff did not present her tort claim to the appropriate federal agency within two years following Decedent's death on April 28, 2020. (Docs. 6 at 4; 19 at 2-3.) As such, the Court must dismiss the claims against the United States for lack of subject-matter jurisdiction. *See Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).

The parties instead disagree whether the dismissal should be with prejudice or without. The disagreement centers on whether an exception to the timeliness requirements of the FTCA—supplied by the Westfall Act's savings clause—applies. If it does, it allows Plaintiff to timely exhaust her administrative remedies, possibly haling the United States back into this Court if the administrative process affords her no relief.

The Westfall Act amends the timeliness requirements of the FTCA in specific circumstances. For instance, a plaintiff might sue a defendant in state court and find out only later that the defendant was considered a federal employee under the FTCA. The following will happen:

- The Attorney General will then certify the defendant is a federal employee;
- The case will be removed to federal court;
- The United States will substitute in for the federal employee;
- The case will be considered brought under the FTCA.

*See* 28 U.S.C. §§ 2679(d)(l) & (2); *see also Santos ex rel. Beato v. United States*, 559 F.3d 189, 193-94 (3rd Cir. 2009). If that case is thereafter dismissed for failure to exhaust

administrative remedies, the Westfall Act deems the action nevertheless "timely presented" if it "would have been timely had it been filed on the date the underlying civil action was commenced" and the plaintiff presents his claim "to the appropriate Federal agency within 60 days after dismissal of the civil action."  28 U.S.C. § 2679(d)(5).

The United States argues that the Westfall Act's savings clause does not apply to certified PHS employees under the FSHCAA.  (Doc. 20 at 2.)  For this proposition, the United States cites *Patel v. United States*, No. CV-20-01864-PHX-DLR, 2021 WL 2454048 (D. Ariz. June 16, 2021).  The Court is not bound by this interpretation of the FSHCAA, both because district court decisions are never precedential (they bind only the parties before them), and because the Court's discussion on this point was unnecessary to the resolution of the motion before it.  *Patel* instead turned on the fact that the plaintiffs brought their lawsuit against the United States more than two years after the action accrued, making their claims untimely even if the Westfall Act applied.  *Id.* at *2.  The United States cites no other case supporting its argument.

And contrary to that argument, several courts have applied the Westfall Act to FSHCAA actions.  *See, e.g.*, *Brooks v. HSHS Med. Grp., Inc.*, 513 F. Supp. 3d 1069, 1086 (S.D. Ill. 2021) ("[T]he Westfall Act applies in FSHCAA cases."); *Booker v. United States*, No. CIV.A. 13-1099, 2015 WL 3884813, at *7 (E.D. Pa. June 24, 2015) (same); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82-84 (2d Cir. 2005) (same).  The overarching reason is because "the FSHCAA makes the FTCA the exclusive remedy for actions against employees of the PHS[.]"  *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004).

The plain language of the FSHCAA bears this out.  Once the Attorney General certifies "that the defendant was acting in the scope of his employment," the action will be removed, the United States substituted for the federal employee, and "the proceeding deemed a tort action brought against the United States under the provisions of Title 28," that is, under the FTCA.  42 U.S.C. § 233(c).  In essence, the instant case is treated as if it were an action brought pursuant to the FTCA, which includes the Westfall Act timeliness

exception.

The question, then, is whether Plaintiff can avail herself of the Westfall Act's protections. She can. Plaintiff's action accrued on April 28, 2020. Plaintiff filed her state court action on April 27, 2022, less than two years later. Dismissal without prejudice is appropriate.

**II. Motion to Retain Supplemental Jurisdiction Over State Law Claims**

Both parties suggest that the Court has discretion to exercise supplemental jurisdiction over the state-law claims against the non-federal defendants. (Docs. 19 at 7; 20 at 1-2.) It does not. When a case is removed based on the certification that a defendant was a federal employee, "§ 2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court. . . Even if only state-law claims remain." *Osborn v. Haley*, 549 U.S. 225, 243, 245 (2007). The Court must retain supplemental jurisdiction over the state law claims against the non-federal defendants.

**III. Motion to Stay**

A court may grant a state for good cause. Fed. R. Civ. P. 26(c)(1). In determining whether to grant a stay, a court balances the (1) harm a stay would cause the non-moving party, (2) the harm the moving party would suffer in the absence of a stay, and (3) interests of judicial economy. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

First, it does not appear that a stay would affect the United States. It will be dismissed from this lawsuit without prejudice, and it has declined to take a position on the propriety of a stay (for example, by explaining whether a stay would be beneficial or adverse to its interests). However, the Court does not know how the non-federal defendants would be affected by a stay; several have not yet appeared in this litigation, and those that have did not respond to the motion to stay.[1] This factor disfavors a stay.

---

[1] According to a December 5, 2022 status report, the non-federal defendants were served while this matter was in state court, but after it became clear that the claims against the United States would need to be dismissed pending administrative exhaustion, "[a]n open extension to answer was granted, pending the disposition of this motion practice[.]" (Doc. 25.) The Court has reviewed the docket in this matter and finds no order granting such an open extension to answer. The Court understands Plaintiff's status report to mean that Plaintiff and the non-federal defendants who have not yet appeared (or at least some of them; the status report does not address all three outstanding non-federal defendants)

Second, the harm to Plaintiff. Plaintiff hints that she is one of the "one or more parties" who might want to depose a "federally-funded healthcare provider and treating physician witness" and that failing to stay this cause might impact a "preferred sequence of witness depositions and discovery deadlines."[2] (Doc. 19 at 9.) Such an indeterminate implication amounts to speculation, rendering this factor neutral.

Finally, judicial economy. By the Westfall Act timeline, Plaintiff will have exhausted her administrative remedies after about eight months, or sooner. *See* 28 U.S.C. § 2679(d)(5)(B) (presenting claim to federal agency within 60 days of dismissal); § 2674(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). At the end of that eight months, it's also possible that the federal agency could grant relief to Plaintiff, at which point the United States would not return to this lawsuit and Plaintiff and the non-federal defendants will have waited for naught. And the Court notes the risk that "[m]emory grows dim with the passage of time." *United States v. Marion*, 404 U.S. 307, 331 (1971). This factor weighs against a stay.

The Court is not persuaded at this stage of litigation, when Plaintiff gestures only at implied and speculative harm, when some of the non-federal defendants have not even appeared and none have articulated any harm to them, and when Plaintiff will spend eight months at most to exhaust her administrative remedies, that good cause justifies a stay. But the Court is also open to the possibility that good cause will appear during the pendency of the administrative process or after the non-federal defendants have weighed in on the issue. As such, the Court will deny the stay without prejudice; Plaintiff is free to file another motion to stay if the circumstances warrant it.

**IT IS ORDERED** that the United States' motion to dismiss (Doc. 6) is **GRANTED**. The claims against the United States are **DISMISSED WITHOUT PREJUDICE**.

---

privately agreed to extend the answer deadline. If that is the case, those parties should promptly submit to the Court a stipulation to extend the answer deadline; parties generally are not at liberty to extend deadlines without court approval.

[2] Plaintiff makes several arguments about how the absence of a stay might harm the United States and the other defendants. But the United States does not echo Plaintiff's concerns, and the other defendants have not yet appeared in this lawsuit.

**IT IS FURTHER ORDERED** that Plaintiff's motion to retain subject-matter jurisdiction over pendant state law claims and to grant stay (Doc. 19) is **GRANTED IN PART**. The Court will retain subject-matter jurisdiction over the state law claims. However, the Court denies the request to stay proceedings without prejudice.

**IT IS FURTHER ORDERED**, based on the Court's review of Plaintiff's December 5, 2022 status report, that within **7 days** of the date of this order, either (1) non-federal defendants Insight Imaging Inc, Don C. Beresini, and Ron H. Ayanzen shall appear and file a responsive pleading, (2) Plaintiff shall apply for entry of default against those defendants, or (3) Plaintiff and those non-federal defendants shall file a stipulation to extend the answer deadline.

Dated this 14th day of December, 2022.

Douglas L. Rayes
United States District Judge